BURNETT v. CITY OF GRAND RAPIDS.

1. TAXATION—MUNICIPAL CORPORATIONS—PROVIDING FOR ANTICIPATED
DELINQUENCIES.

   It is not incompetent for municipality having power to levy
   tax for specific purpose to add item to provide for possible
   deficiencies in collection, providing law respecting rate of
   taxation is not violated, and estimate of amount of delin-
   quencies is not excessive or arrived at in bad faith.

2. SAME—TAX TO REPAY LOAN.

   Board of supervisors had authority to include in tax levy amount
   determined necessary to be borrowed to finance county during
   balance of year, although at time tax was levied only part of
   said amount had been borrowed.

Appeal from Superior Court of Grand Rapids;
Taylor (Thaddeus B.), J.   Submitted June 9, 1933.
(Docket No. 77, Calendar No. 37,267.)   Decided Octo-
ber 2, 1933.

Assumpsit by Frank R. Burnett, in his own right
and as assignee, against City of Grand Rapids, a
municipal corporation, and Frank V. Smith, City
Treasurer, to recover taxes paid under protest.
County of Kent intervened as defendant.   Judg-
ment for defendants.   Plaintiff appeals.   Affirmed.

*Clare J. Hall,* for plaintiff.

*Bartel J. Jonkman* and *Fred N. Searl,* for inter-
vening defendant.

CLARK, J.   Plaintiff and his assignors paid taxes
under protest.   He sued to recover back, suffered ad-
verse judgment, and has appealed.

The board of supervisors, in fixing the amount to be raised by tax, under "contingent account," put in an item "appropriation $275,000." This is the official record. Plaintiff sought to go back of the record and to explain it and to show that $250,000 of the item was in fact levied to cover anticipated tax delinquencies. We think it not necessary to determine the admissibility of plaintiff's offered evidence. The law was not violated with respect to rate of taxation, nor is the estimate (if such it be) of the amount of delinquencies urged to be excessive or in bad faith.

If plaintiff's evidence be considered, the point is decided by the rule, quoting 3 Cooley on Taxation (4th Ed.), § 1031:

"In fixing the amount or rate, the levying body has considerable discretion. The rate necessary to produce the amount required is largely within the discretion of levying officers, since it is uncertain what the deficiencies in the collection will amount to."

And section 1032:

"And it is not incompetent for a municipality having power to levy a tax for a specific purpose to add an item to provide for possible deficiencies in collection."

See 61 C. J. p. 569. Cases are cited in notes to both texts.

Plaintiff neither made nor attempted a case on the theory of including an excessive amount for anticipated delinquencies. His case is planted on the assumption that no sum may be included for such purpose.

To consider probable amount of delinquencies in making a tax levy is a practice generally approved.

*Vornberg* v. *Dunn,* 143 Ga. 111 (84 S. E. 370) ; *Commissioners of Marion County* v. *Commissioners of Harvey County,* 26 Kan. 181. The reason for it is obvious. The municipality must pay its debts when due. It must "bring the money into the treasury— not in part, but the whole—at the proper time" (quoting from *Village of Hyde Park* v. *Ingalls,* 87 Ill. 11, 13).

Theoretically, of course, no one should pay more than his ratable proportion of a tax. But because of the imperfect human element such perfection in actual practice is not attainable. Taxation is not equal. The just suffer for the wrongs of the unjust. The strong must carry the weak.

The budget had many items all to be met in full. And it was to meet them in full that the supervisors included the item in question. As the action of the supervisors was right in principle and taken in good faith, and is not urged to be excessive, it must be permitted to stand.

The second ground of protest is:

"Included in said tax levied by Kent county is an item of $160,000 to repay a loan made in 1932 in anticipation of collection of taxes, 1932. As a matter of fact only $100,000 had been borrowed at the time the tax was levied, and the sum was wrongfully assessed, and the county tax in the sum of $60,000 is illegal and void."

As to which we adopt the opinion of the trial judge:

"As to the second item of $60,000, this item is found as a part of $160,000 in the item under contingent account 'to repay loan made in 1932 in anticipation of collection of taxes, 1932.' This appropriation was voted October 28, 1932, as part of the budget. On the same day a resolution was adopted

making the same an irrevocable appropriation to pay such loan, and further authorizing a loan of $100,000 as part thereof. By this action the board determined the necessity of borrowing such sum. No loan could be made nor money borrowed until such appropriation was made. This is required by section 1, subdivision 1, of Act No. 26, Pub. Acts 1931:

" 'Any such governmental unit may within the six-months' period preceding the end of any fiscal year, borrow money in anticipation of the collection of taxes for the next succeeding fiscal year: *Provided*, That an irrevocable appropriation has been made to repay such loan from the receipts of such taxes. Such loan shall be payable within four months after such taxes first become due and shall not exceed twenty-five per cent. of the tax levy for the then fiscal year: *Provided further*, That any such loan made after October one, Nineteen Hundred Thirty-three, shall not exceed ten per cent. of such tax levy.'

"This section clearly requires appropriations to be made before the money is borrowed. Later, and on December 7, 1932, a further resolution was adopted authorizing the finance committee to secure an advancement from the city treasurer of Grand Rapids, of the remaining $60,000 out of the tax collection, and to pay the city four per cent. for the use of the same. This sum was received by the county treasurer December 30, 1932, and deducted by the city treasurer January 13, 1933, on which day he paid over to the county treasurer the county taxes he had collected up to January 9, 1933, as required. The county gave its separate check to cover the four per cent. interest. It is the claim, therefore, of the plaintiff that the sum of $60,000 was never borrowed and cannot be made part of the tax levy. If we were to add that this was not a loan it may nevertheless be conceded that so far as the cash in the county's hands was concerned it was exactly the same as if a note had been given to a bank December 30th, and a check given in payment thereof January 13th. That, however, is not the point in question. We are unable to find any authority, and doubt if any can

be found, that would hold that because $100,000 was borrowed November 1, 1932, and the remaining $60,000 not until December 30, 1932, that the $60,000 cannot be held legal. If in the sound judgment and discretion of officers of the county it can conduct its affairs for a time and save the interest on $60,000 for two months, as must be conceded was saved in this case, I do not believe that it can be said that having done this you cannot include it as part of the tax levy. To so hold would be to find from the official records that on October 28th when an irrevocable appropriation was made, the board of supervisors on that day had in mind and knew that the $60,000 was not to be borrowed until December 30th. The board by its resolution determined that $160,000 would be required to finance the county during the balance of 1932. We cannot go behind that determination of judgment. The proceedings authorizing the levy were legal. Subsequent records show it was carried out. Plaintiff admits upon the record that if the total sum borrowed November 1st had been $160,000 rather than $100,000 he would have no complaint and could not claim that any part of the same was illegal. This admission is hardly consistent with his present claim. It therefore follows that as to the second item of $60,000 plaintiff cannot prevail. A judgment of no cause of action may, therefore, be entered.''

Affirmed.

This opinion was written by Justice CLARK before his retirement and is concurred in by the other members of the court.