## LOMBARDO v LOMBARDO

Docket No. 145361. Submitted June 2, 1993, at Grand Rapids. Decided October 18, 1993, at 9:30 A.M.

Maureen R. Lombardo was granted a divorce from Charles M. Lombardo in the Grand Traverse Circuit Court. The parties were awarded joint custody of their three children, with physical custody of the children eventually being awarded to the defendant. When the parties were unable to agree whether to enroll the youngest child in a program for gifted children, the plaintiff filed a motion for an order to compel the placement of the child in the program. The court, Charles M. Forster, J., following a hearing, denied the motion, finding that the child was doing well in the established educational environment, that the parent who had primary physical custody should make this type of educational decision when a disagreement arises between parents with joint custody, and that, in any event, there had been no showing that continuing the child's existing educational environment would not be in the child's best interests. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion by refusing to admit the deposition of the child's teacher, there being no showing that the deposition had been taken in compliance with law.

2. Although by statute the custodial parent is authorized to decide all routine matters concerning a child, by statute parties awarded joint legal custody share the authority to decide important decisions affecting the welfare of the child, including the type of educational decision presented in the case. In the absence of legislative guidance, and mindful of the fact that courts are ill-equipped to resolve this type of dispute, the trial court nevertheless clearly erred in determining that the decision in these circumstances rested with the custodial parent

REFERENCES

Am Jur 2d, Depositions and Discovery § 176; Divorce and Separation §§ 987, 990; Parent and Child §§ 16, 17.

See ALR Index under Children; Custody and Support of Children; Evidence; Hearsay.

rather than the court. Because the court did not make specific findings concerning the best interests of the child, remand for a determination by the trial court of the course of action that will be in the best interests of the child is required. On remand, all relevant evidence concerning that question, including any new evidence that the parties may wish to present, should be considered.

Vacated and remanded.

1. EVIDENCE — HEARSAY EVIDENCE — DEPOSITIONS.

Deposition testimony is not excluded by the hearsay rule if the person deposed is unavailable as a witness, the deposition was taken in compliance with law, and the party against whom the testimony is offered, or in a civil action a predecessor in interest, had an opportunity and similar motive to develop the testimony by examining the witness in the course of the same proceeding or another proceeding (MRE 804[b][5]).

2. PARENT AND CHILD — CHILD CUSTODY — JOINT CUSTODY — EDUCATIONAL DECISIONS — BEST INTERESTS OF THE CHILD.

A circuit court must decide on the basis of the best interests of the child the type of educational program a child will experience where the divorced parents of the child have joint legal custody of the child and are unable to agree concerning the type of educational program for the child.

*Elhart & Power, P.C.* (by *Michael E. Hall*), for the plaintiff.

*Cunningham, Davison, Beeby, Rogers & Alward* (by *Thomas R. Alward*), for the defendant.

Before: SHEPHERD, P.J., and HOLBROOK, JR., and MACKENZIE, JJ.

HOLBROOK, JR., J. In this child custody dispute, plaintiff appeals as of right the September 24, 1991, Grand Traverse Circuit Court order denying her motion to enroll the parties' minor son, Robert, in a program for gifted and talented children. We vacate the trial court's order and remand.

The parties were divorced on May 14, 1985, and awarded "joint custody, care, control and educa-

tion" of their children Michael, Erin, and Robert. The original divorce judgment awarded physical custody of the children to plaintiff, but the judgment was amended later to transfer physical custody to defendant. Plaintiff was awarded visitation rights.

On the Traverse City school district's third-grade placement test, the parties' son Robert ranked fourth of nine hundred students. Robert completed a fourth-grade curriculum as a third grader at the Old Mission School. Robert was selected to attend the school district's talented and gifted program, which selects children from home schools and places them with other gifted children for education.

The parties disagree over whether to enroll Robert in the program for gifted children. Plaintiff thinks that Robert's attendance in the program is essential for him to reach his scholastic potential. After watching Robert's brother Michael go through the program, defendant believes that Robert would experience difficulty adjusting to the program and might narrow his focus on academics only. Unable to agree with regard to the issue, plaintiff filed a motion to order Robert into the program.

Following a hearing regarding the matter, the trial court entered its order denying plaintiff's motion. The trial court found that an established educational environment was in place and that Robert was doing well in that environment. The trial court noted the problem of transporting Robert to the school and the segregated nature of the program. In the absence of any law regarding the subject, the trial court determined that the parent who is the primary physical custodian should make the decision. The trial court concluded that if a different standard of review was applicable,

then there had not been a showing that keeping Robert at his current school was not in his best interests.

On appeal, plaintiff first argues that the trial court erred in refusing to admit the deposition testimony of Karen McClatchey into evidence. McClatchey was Robert's third-grade teacher. Plaintiff's counsel sought to introduce the deposition testimony on the basis that McClatchey was unavailable to appear personally. The trial court refused to admit the deposition because there was no agreement of counsel and because McClatchey was not under subpoena. Defendant argues that the deposition is inadmissible because it was not taken in compliance with the law.

Our review of a decision regarding the admissibility of depositions is limited to determining whether the trial court abused its discretion. *Bonelli v Volkswagen of America, Inc,* 166 Mich App 483, 502; 421 NW2d 213 (1988). An abuse of discretion is found only if an unprejudiced person, considering the facts on which the trial court acted, would say there was no justification or excuse for the ruling made. *Gore v Rains & Block,* 189 Mich App 729, 737; 473 NW2d 813 (1991). The burden of establishing admissibility rests on the party seeking admission. *Bonelli, supra.*

Generally, a deposition is considered hearsay under MRE 801(c) and is inadmissible under MRE 802. *Shields v Reddo,* 432 Mich 761, 766; 443 NW2d 145 (1989). However, MCR 2.308(A) provides: "Depositions or parts thereof shall be admissible at trial or on the hearing of a motion or in an interlocutory proceeding only as provided in the Michigan Rules of Evidence." At the time of the hearing in this case, MRE 804 provided in pertinent part:

(b) *Hearsay Exceptions.* The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

\*　\*　\*

(5) *Deposition Testimony.* Testimony given as a witness in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

For purposes of this subsection only, "unavailability of a witness" also includes situations in which:

(A) The witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or

(B) On motion and notice, such exceptional circumstances exist as to make it desirable, in the interests of justice, and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

By the terms of MRE 804(b)(5), deposition testimony is not excluded by the hearsay rule if: (1) the person deposed is unavailable as a witness; (2) the deposition was taken in compliance with law; and (3) in the course of the same proceeding or another proceeding, the party against whom the testimony is now offered, or in a civil action a predecessor in interest, had an opportunity and similar motive to develop the testimony by examining the witness.

In this case, we find that plaintiff did not establish the deposition's admissibility. There appears to be no dispute that McClatchey was unavailable as a witness under MRE 804(b)(5)(A). McClatchey

was on vacation at the time of the hearing and was more than one hundred miles away. The third requirement of MRE 804(b)(5) was also met because the deposition was taken in the same proceeding. However, plaintiff submitted no proof at the hearing that the deposition was taken in compliance with the law. The record indicates that defense counsel sent his associate to the deposition because he was unable to attend the deposition with only four days' notice. The record does not support plaintiff's contention that defense counsel's associate agreed with plaintiff's counsel at the time of the deposition to admit the deposition transcript into evidence. Considering the facts on which the trial court acted, we decline to say there was no justification or excuse for the ruling made. *Gore, supra.* Thus, the court did not abuse its discretion in denying the admission of the deposition testimony of McClatchey. *Bonelli, supra.*

Next, plaintiff argues that the trial court erred in determining that the parent who is the primary physical custodian of a child should decide where the child goes to school when the parents are joint custodians of the child and cannot agree concerning that issue. Plaintiff further argues that to the extent that the trial court considered the best interests of the child, it erred in its determination of the best interests of Robert under these circumstances.

MCL 722.28; MSA 25.312(8), § 8 of the Child Custody Act, provides:

> To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed unless the trial judge made findings of fact against the great weight of the evidence, or committed a palpable abuse of discretion or a clear legal error on a major issue.

In *Fletcher v Fletcher,* 200 Mich App 505, 511-512; 504 NW2d 684 (1993), this Court recently clarified the standard of review in child custody cases:

> In accord with *Beason* [v *Beason,* 435 Mich 791; 460 NW2d 207 (1990)], this Court reviews the trial court's findings of fact under the clearly erroneous standard. This review is not de novo. We will not reverse the decision of the trial court if the trial court's view of the evidence is plausible. Otherwise, this Court will review de novo the child custody decision. However, as provided by statute, we will affirm the trial court's decision unless the trial court committed a palpable abuse of discretion or a clear legal error on a major issue. Because child custody decisions are dispositional in nature, the trial court's ultimate disposition is subject to review de novo. *Id.; Schubring v Schubring,* 190 Mich App 468; 476 NW2d 434 (1991).

Defendant has primary physical custody of the children, and plaintiff has physical custody of the children for not less than 128 days each year. When a child resides with a parent, that parent decides all routine matters concerning the child. MCL 722.26a(4); MSA 25.312(6a)(4). Because the parties in this case were awarded joint custody of their children, they share the decision-making authority with respect to the "important decisions affecting the welfare of the child." MCL 722.26a(7)(b); MSA 25.312(6a)(7)(b). This Court has held that a trial court properly denies joint custody in a proceeding to modify the custody portion of a divorce judgment where the parties cannot agree on basic child-rearing issues, in light of the state's interest in protecting the child's best interests. *Fisher v Fisher,* 118 Mich App 227; 324 NW2d 582 (1982). Unfortunately, the Legislature has not provided guidance concerning how to resolve disputes

involving "important decisions affecting the welfare of the child" that arise between joint custodial parents.

Citing *Griffin v Griffin*, 699 P2d 407 (Colo, 1985), defendant argues that the parent who has primary physical custody of a child has the power to decide the type of educational program the child will experience. In *Griffin*, the divorce decree awarded custody of the parties' child to the petitioner mother. The petitioner and the respondent agreed in the divorce decree that they were to select jointly the child's schools. When the parties were unable to agree about the choice of schools for their child, the respondent father moved to enforce the education provision of the decree. Noting that the agreement did not provide a means of resolving deadlocks over school selection, the Colorado Supreme Court ruled that the agreement was unenforceable because the court has no power to force the parties to reach agreement. *Id.* at 409. The *Griffin* court determined that "any attempt to enforce the agreement by requiring the parents to negotiate and reach a future agreement would be not only futile, but adverse to the interests of the child as well." *Id.* at 410. The court in *Griffin* further determined that the power to control the child's education remained with the mother as the custodial parent in accordance with a Colorado statute that authorizes the custodial parent to make child-rearing decisions in the absence of an enforceable agreement concerning the child's education. *Id.* at 411.

*Griffin* is similar to the present case where the parties have agreed through the use of joint custody to share the decision-making authority with respect to decisions concerning the welfare of the children. However, *Griffin* is distinguishable by the existence of the Colorado statute that authorizes

the custodial parent to make child-rearing decisions in the absence of an enforceable agreement concerning the child's education.

We are mindful of the fact that a court is usually ill-equipped to fully comprehend and act with regard to the varied everyday needs of a child in these circumstances, because it is somewhat of a stranger to both the child and the parents in a marital dissolution proceeding. *Von Tersch v Von Tersch,* 235 Neb 263, 271; 455 NW2d 130 (1990). We also recognize that requiring the parents to meet and resolve the issue "exposes the child to further discord and surrounds the child with an atmosphere of hostility and insecurity." *Griffin, supra* at 410. However, joint custody in this state by definition means that the parents share the decision-making authority with respect to the important decisions affecting the welfare of the child, and where the parents as joint custodians cannot agree on important matters such as education, it is the court's duty to determine the issue in the best interests of the child. See *Novak v Novak,* 446 NW2d 422, 424 (Minn App, 1989). See also *Belknap v Belknap,* 265 Ky 411, 412-413; 96 SW2d 1012 (1936).

We believe the trial court in this case clearly erred in determining that the parent who is the primary physical custodian has the authority to resolve any disputes concerning the important decisions affecting the welfare of the children. MCL 722.27(1)(c); MSA 25.312(7)(1)(c), provides that a court shall change a previous custody order only if there is clear and convincing evidence that it is in the best interests of the children. In allowing the primary physical custodian to resolve the important disputes, a trial court might tacitly violate § 7 of the Child Custody Act.

The controlling consideration in child custody

disputes between parents is the best interests of the children. MCL 722.25; MSA 25.312(5). Parties to a divorce judgment cannot by agreement usurp the court's authority to determine suitable provisions for the child's best interests. *West v West,* 241 Mich 679, 683-684; 217 NW 924 (1928); *Ebel v Brown,* 70 Mich App 705, 709; 246 NW2d 379 (1976). Similarly, the court should not relinquish its authority to determine the best interests of the child to the primary physical custodian. Accordingly, we conclude that a trial court must determine the best interests of the child in resolving disputes concerning "important decisions affecting the welfare of the child" that arise between joint custodial parents.

We agree with plaintiff that the trial court did not make specific findings concerning the best interests of Robert. A trial court must consider, evaluate, and determine each of the factors listed at MCL 722.23; MSA 25.312(3) in determining the best interests of the child. *Mann v Mann,* 190 Mich App 526, 536; 476 NW2d 439 (1991). The trial court in this case merely determined that plaintiff had failed to show that keeping Robert at his current school was not in his best interests. Consequently, we remand this case to the trial court to determine the best interests of Robert according to the relevant factors contained in MCL 722.23; MSA 25.312(3).

Believing that all relevant evidence should be before the court, we do not preclude the use of Karen McClatchey's testimony at the new hearing in the circuit court if she is properly subpoenaed or if a new deposition is taken and introduced in conformity with the court rules.

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.