# STATE OF MICHIGAN

# COURT OF APPEALS

---

RACHEL ANN MELLEMA,

       Plaintiff-Appellant,

v

JON MARC MELLEMA,

       Defendant-Appellee.

UNPUBLISHED
April 21, 2016

No. 329206
Kent Circuit Court
LC No. 13-011868-DM

---

Before: MURRAY, P.J., and STEPHENS and RIORDAN, JJ.

PER CURIAM.

In this matter involving the education of this divorced couple's children, plaintiff Rachel Ann Mellema appeals as of right the trial court's August 21, 2015 order, which states, in pertinent part, that "[t]he [trial c]ourt orders that the children's school enrollment shall continue in the Fremont Public Schools, and the issue is not ripe for further determination."

For the reasons stated below, we do not have jurisdiction over plaintiff's claim of appeal from this order. In addition, even if we did have jurisdiction over this appeal, (1) plaintiff's arguments arising from the trial court's December 17, 2014 order are outside the scope of the instant appeal, and (2) she has abandoned any claim arising from the trial court's August 21, 2015 order. Accordingly, we dismiss this appeal for lack of jurisdiction.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### B. LOWER COURT PROCEEDINGS

Plaintiff and defendant Jon Marc Mellema were married on April 29, 2000, and they lived together in Fremont, Michigan, after their marriage. While they were married, they had two children. In November 2012, plaintiff filed for divorce. One year later, in November 2013, the trial court entered a consent judgment of divorce, which provided that plaintiff and defendant would share joint legal and physical custody of the minor children. Defendant received parenting time every day after school until 6:15 p.m. If the children did not have school, then defendant received parenting time from 1:00 p.m. until 6:15 p.m. He also received parenting time on alternating weekends and various holidays. Plaintiff received the remainder of the time with the children.

In April 2014, plaintiff moved to Grandville, Michigan. The move ignited a series of

-1-

filings and hearings concerning the modification of the parties' custody and parenting time along with a dispute about where the children should go to school. Ultimately, in June 2014, plaintiff filed a motion to change the location of the children's schooling from the Fremont Public School District to the Grandville Public School District, which defendant opposed. In July 2014, a family court referee held a three-day hearing on plaintiff's motion for a change in schools. The referee issued findings and a recommendation on August 25, 2014. He found no change in the children's established custodial environment and, as a result, considered whether plaintiff had established, by a preponderance of the evidence, that a change in school districts was in the children's best interests. He then concluded, based on the best-interest factors under MCL 722.23, that the children should attend Grandville Public Schools. Additionally, because the change in school districts made it unlikely that defendant would be able to exercise after-school parenting time, the referee recommended a change in defendant's parenting time schedule so that he would have extended parenting time during the children's Christmas break and a two-hour "weeknight 'dinner' parenting time" on a weekly basis during the school year.

On November 26, 2014, the trial court held a hearing on defendant's objections to the referee's findings and recommendation. After the hearing, the trial court reversed the referee's order based on its findings that (1) plaintiff and defendant had a joint established custodial environment, (2) the proposed change in schools altered the custodial environment, such that plaintiff's burden was to prove by clear and convincing evidence, not by a mere preponderance, that the change in schools was in the best interests of the children, and (3) plaintiff failed to prove, even by a preponderance of the evidence, that changing schools was in the children's best interests. The trial court concluded that the children should attend Fremont Public Schools, and on December 17, 2014, it entered an order denying plaintiff's motion for a change in schools and reversing the referee's decision.[1] The children returned to the Fremont Public School District shortly thereafter.

After subsequent proceedings not relevant to this appeal, defendant filed a motion to modify the parties' legal and physical custody of the children in March 2015. At an April 2015 hearing, the parties stipulated that there had been a change in circumstances that warranted review of the prior custody order. Accordingly, the trial court ordered that an evidentiary hearing would be held to determine whether there should be a change in custody. Later, in June 2015, plaintiff also filed a motion to change custody.

On July 9, 2015, the date set for the evidentiary hearing, the trial court did not hear any testimony, but, instead, summarized the parties' *in camera* discussions. The trial court stated, *inter alia*, that if there was, ultimately, a change in custody in favor of plaintiff, it did "not see the issue of school being then ripe again[.]" Additionally, at the hearing, the parties agreed to participate in mediation to resolve the custody issue. The trial court then dismissed the matter without prejudice in the event that the parties were unable to resolve the custody issue through mediation.

---

[1] Plaintiff filed a motion for reconsideration of the trial court's order, but she subsequently withdrew this motion.

It did not enter an order concerning the matters discussed during the hearing until August 21, 2015. The order reflected the parties' agreement to participate in mediation and included provisions concerning their agreement to mediate. Additionally, with regard to the school issue, the trial court stated, "The Court orders that the children's school enrollment shall continue in the Fremont Public Schools, and the issue is not ripe for determination."

Following the mediation, the parties signed a settlement agreement concerning the custody of the children on August 12, 2015. After defendant moved for entry of a custody order pursuant to the parties' mediated agreement, the parties signed a consent order, which the trial court entered on September 16, 2015. The order continued the parties' joint legal and physical custody of the children, but modified their parenting time. Plaintiff received parenting time on alternating weekends from Thursday at 6:00 p.m. until school on Monday and "alternat[ing] Sundays," meaning "those following [defendant's] weekend[s]," from 6:00 p.m. until school on Monday morning. Defendant received the remainder of the time with the children during the school year. During the summer, defendant received one week in June, one week and one four-day period in July, and two weeks in August. Plaintiff received the remainder of the summertime. The holiday parenting time schedule remained unchanged.

## B. THIS APPEAL

On September 10, 2015, plaintiff filed a claim of appeal from the trial court's August 21, 2015 order. Thereafter, defendant filed a motion to dismiss plaintiff's appeal for lack of jurisdiction and on the basis of mootness. Defendant also requested damages or sanctions against plaintiff for filing a vexatious appeal. On December 7, 2015, we denied the motion "without prejudice to [defendant] raising the issue of this Court's jurisdiction over the claim of appeal before the case call panel[.]"[2] *Mellema v Mellema*, unpublished order of the Court of Appeals, entered December 7, 2015 (Docket No. 329206). Likewise, we denied defendant's request for damages or sanctions. *Id*.

## II. JURISDICTION

As a threshold issue, we must determine whether we have jurisdiction over this appeal and, if so, the extent of that jurisdiction. We conclude that we do not have jurisdiction over plaintiff's claim of appeal from the August 21, 2015 order. Further, even if we did, her claims arising from the trial court's December 17, 2014 order would not be properly before this Court.

## A. STANDARD OF REVIEW

"The question of jurisdiction is always within the scope of this Court's review . . . ." *McIntosh v McIntosh*, 282 Mich App 471, 483; 768 NW2d 325 (2009) (quotation marks and citation omitted; alteration in original). "Whether this Court has jurisdiction to hear an appeal is an issue that we review de novo." *Wardell v Hincka*, 297 Mich App 127, 131; 822 NW2d 278

---

[2] Contrary to plaintiff's characterization of our December 7, 2015 order in her brief on appeal, we did not conclusively decide that we have jurisdiction over this appeal.

(2012). Likewise, "[t]he interpretation and application of a court rule is a question of law that [we] review[] de novo." *Varran ex rel Varran v Granneman*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket Nos. 321866, 322437); slip op at 2.

> The rules of statutory interpretation apply to the interpretation of court rules. The goal of court rule interpretation is to give effect to the intent of the drafter, the Michigan Supreme Court. The Court must give language that is clear and unambiguous its plain meaning and enforce it as written. Each word, unless defined, is to be given its plain and ordinary meaning, and the Court may consult a dictionary to determine that meaning. [*Id*. at ___; slip op at 3 (citations omitted).]

### B. ANALYSIS

At issue here is whether we have jurisdiction over plaintiff's appeal of the trial court's December 17, 2014 or August 21, 2015 orders pursuant to MCR 7.203(A)(1). As indicated in plaintiff's claim of appeal, the only jurisdictional provision that may apply here is MCR 7.202(6)(a)(iii), which provides that any "postjudgment order affecting the custody of a minor" "in a domestic relations action" constitutes a "final judgment" or "final order." Thus, whether this Court has jurisdiction turns on whether the trial court's August 21, 2015 order from which plaintiff appealed constitutes an "order affecting the custody of a minor." MCR 7.202(6)(a)(iii); see also *Wardell*, 297 Mich App at 131.

### 1. APPEAL AS OF RIGHT FROM THE TRIAL COURT'S DECEMBER 17, 2014 ORDER

In *Rains v Rains*, 301 Mich App 313, 321-322; 836 NW2d 709 (2013), we explained that an order in a domestic relations proceeding does not have to actually *change* the custody of a minor in order to *affect* it. Quoting *Wardell*, 297 Mich App at 132-133, we noted in *Rains* our previous reliance on the definition of "affect" in *Black's Law Dictionary* (9th ed) and framed the ultimate inquiry as whether a trial court's order "influences where the child will live, regardless of whether the trial court's ultimate decision keeps the custody situation as is." *Rains*, 301 Mich App at 321 (quotation marks omitted). Stated differently, "Under *Wardell*, a trial court need not change a custodial arrangement in order for its decision to affect custody." *Id*. at 323.

Consistent with these principles, we have implicitly recognized in previous cases that a party may appeal as of right an order pertaining to the type or location of a school attended by a divorced couple's minor children. *Parent v Parent*, 282 Mich App 152, 153; 763 NW2d 553 (2009) (reviewing an appeal as of right from an order granting a mother's motion to enroll her child in public school after the parties had agreed to continue homeschooling the child); *Pierron v Pierron*, 282 Mich App 222, 225, 246-247; 765 NW2d 345 (2009) (reviewing an appeal as of right from an order requiring that the parties' children remain enrolled in a particular school district, after one of the parents sought to enroll the children elsewhere, and noting that joint legal custody encompasses shared decision-making authority concerning a child's education), aff'd 486 Mich 81 (2010); and *Lombardo v Lombardo*, 202 Mich App 151, 152; 507 NW2d 788 (1993) (reviewing an appeal as of right from an order denying a mother's motion to enroll the parties' child in a gifted and talented program). Likewise, in *Varran*, ___ Mich App at ___; slip op at 6, we recently recognized that, "[b]ased on the plain language of the terms used in MCR

7.202(6)(a)(iii) then, a 'postjudgment order affecting the custody of a minor' is an order that produces an effect on or influences in some way *the legal custody* or physical custody of a minor" (emphasis added), and legal custody includes the authority to make decisions regarding a child's education, *Pierron*, 282 Mich App at 246-247.

Here, plaintiff wanted the children to attend Grandville Public Schools following her move to that area, and defendant wanted the children to remain enrolled in the Fremont Public School District. Plaintiff and defendant had joint legal custody over the children, so they shared decision-making authority over important decisions concerning the children's welfare, including their education. See *Pierron*, 282 Mich App at 246-247; *Lombardo*, 202 Mich App at 159. Plaintiff and defendant also split parenting time during the weekdays. Therefore, an order regarding a motion to change the children's school district not only affected the parents' joint authority over educational decisions, but also the distance that the children would have to travel to school each morning, who would pick up the children from school in the afternoon, and whether the children would attend school in the same community where they resided on school nights. As such, although a change in the children's school district may not have actually involved a *change* in custody, we conclude that it would have *affected* the parties' legal custody of the children by affecting their joint decision-making authority. See *Pierron*, 282 Mich App at 246-247; *Lombardo*, 202 Mich App at 159. Further, because a change in the children's school district would have significantly reduced the amount of time that defendant spends with the children, such a change had the potential of altering the established custodial environment. See *Rains*, 301 Mich App at 324.

Thus, the trial court's order denying plaintiff's motion to change school districts was an order affecting custody, so as to constitute a final order under MCR 7.202(6)(a)(iii) that was appealable by right pursuant to MCR 7.203(A)(1). Accordingly, plaintiff could have appealed as of right the trial court's December 17, 2014 denial of her motion to change schools.

### 2. APPEAL AS OF RIGHT FROM THE AUGUST 21, 2015 ORDER

However, plaintiff did not appeal the trial court's December 17, 2014 order. Rather, she filed a claim of appeal from the trial court's August 21, 2015 order, which solely provided, with regard to the children's schooling, that "[t]he [trial c]ourt orders that the children's school enrollment shall continue in the Fremont Public Schools, and the issue is not ripe for further determination."[3] As discussed *supra*, in general, by continuing the status quo, a denial of a motion concerning custody still may affect custody for purposes of MCR 7.202(6)(a)(iii). See *Rains*, 301 Mich App at 323-324; *Wardell*, 297 Mich App at 132-133. But the context of the

---

[3] The rest of the trial court's August 21, 2015 order pertains to the parties' agreement to mediate, the dismissal of the parties' competing custody motions without prejudice in order to facilitate the parties' mediation of the issues while leaving open the possibility future proceedings if the mediation was unsuccessful, and the effect of a potential parenting time agreement on future determinations of the children's established custodial environment and future modifications of parenting time. The order also stated, "Any and all prior orders of this Court not modified herein or inconsistent hereto shall remain in full force and effect."

order in this case precludes a finding that the trial court's August 21, 2015 order constitutes an order affecting custody, such that it was appealable as of right pursuant to MCR 7.202(6)(a)(iii).

The trial court held a hearing on July 9, 2015, in response to the parties' dual motions for a change in custody. The order that it entered on August 21, 2015 memorialized the trial court's statements on the record at the hearing, during which it had reiterated the parties' *in camera* discussions and stated its conclusion that the change-in-schools issue would not be ripe again following the parties' mediation of the custody issue. Especially in light of the trial court's statements at the July 9th hearing and the filings in the lower court record, it is apparent that the provision in the August 21, 2015 order concerning the children's school district did not comprise a new determination or a reconsideration of the issue of whether the children should remain in the Fremont Public School District, so that the order would be equivalent to a denial of a motion requesting a change in the children's school district. See *Rains*, 301 Mich App at 323-324; *Wardell*, 297 Mich App at 132-133. Rather, it is clear that the trial court was merely stating its position that *if*, hypothetically, the parties' custody issues were resolved in favor of plaintiff, it would not reconsider the children's school district given the exhaustive inquiry that it previously performed on that issue.

As such, we cannot conclude that the trial court's statement concerning the children's schools in the August 21, 2015 order was tantamount to an order affecting custody because it merely (1) memorialized the trial court's decision on July 9, 2015, that it would not revisit its previous determination concerning the children's schools and (2) indicated, without redetermining or reconsidering the issue, that the children would remain enrolled in the Fremont Public School District consistent with its *previous* decision. Thus, this order was not appealable by right.[4] See *Varran*, ___ Mich App at ___; slip op at 5-6; *Rains*, 301 Mich App 313, 321-322; *Wardell*, 297 Mich App at 132-133; *Pierron*, 282 Mich App at 246-247; *Lombardo*, 202 Mich App at 159.

Further, "[a] party cannot wait until the entry of a subsequent final order to untimely appeal an earlier final order." *Surman v Surman*, 277 Mich App 287, 294; 745 NW2d 802 (2007). If an order constitutes "a 'final order' under MCR 7.202(6)(a)(iii) because it was a postjudgment order affecting the custody of a minor, and [the appellant] fail[s] to timely file a claim of appeal from that order[,] . . . [the appellant's] challenges to the [prior] order are not properly before this Court," and we lack jurisdiction to address those claims. *Id*. at 293-294. See also *McDonald v Stroh Brewery Co*, 191 Mich App 601, 609; 478 NW2d 669 (1991) (holding that this Court did not have jurisdiction to review issues related to a prior order from which the plaintiffs did not appeal as of right).

---

[4] Plaintiff does not raise any claims related to the other provisions of the August 21, 2015 order, which, as indicated *supra*, all pertain to the parties' mediation of the custody issues. Likewise, it is apparent that none of those provisions comprise "a postjudgment order affecting the custody of a minor," MCR 7.202(6)(a)(iii), and that plaintiff did not qualify as an "aggrieved party" with regard to any of those provisions, see MCR 7.203(A). Accordingly, those provisions do not embody an order from which plaintiff could claim an appeal as of right. See MCR 7.203(A)(1).

Accordingly, although we conclude that a party may, in general, appeal as of right an order granting or denying a motion to change school districts, we hold, based on the specific facts of this case, that we do not have jurisdiction over plaintiff's appeal because (1) she failed to file a claim of appeal from the trial court's December 17, 2014 order denying her motion to change schools, and (2) the trial court's August 21, 2015 order was not an order affecting custody for purposes of MCR 7.202(6)(a)(iii).

### 3. SCOPE OF THE INSTANT APPEAL

Nevertheless, even if plaintiff was arguably entitled to appeal as of right from the school-related provision in the trial court's August 21, 2015 order, we would conclude that plaintiff's claims regarding the trial court's decision on her motion to change schools are not properly before this Court.

Pursuant to MCR 7.203(A), this Court's jurisdiction is limited to the issues arising from "the portion of the order with respect to which there is an appeal of right." Although plaintiff's purported appeal as of right arises from the trial court's August 21, 2015 order, her *only* argument on appeal related to that order is that the trial court "compounded [its previous] error"—under *the December 17, 2014* order—by holding, in plaintiff's words, "that it would not allow another look at the school change question even if [plaintiff] received primary physical custody of the children." Likewise, the rest of her brief is dedicated exclusively to the gravamen of her claims on appeal: that the trial court abused its discretion when it reversed the referee's recommended order, denied her motion to change schools, and sent the children back to the Fremont Public School District, after the children began attending the Grandville Public School District pursuant to the referee's decision, *through its December 17, 2014 order*.[5] Therefore, even if we did have jurisdiction over plaintiff's appeal from the August 21, 2015 order, our review would be limited to the trial court's purported exacerbation of its previous error under the December 17, 2014 order. See MCR 7.203(A). Again, "[a] party cannot wait until the entry of a subsequent final order to untimely appeal an earlier final order." *Surman*, 277 Mich App at 294.

---

[5] Specifically, plaintiff asserts that "[t]he circuit court abused its discretion when it based its decision to reverse the referee's recommendation order on passion and prejudice against [plaintiff] by focusing on her motive to move to Grandville rather than whether that move was in the children's best interests[.]" She provides there reasons for why this decision was an abuse of discretion: (1) the court "looked behind the act of moving resulting in a change in school districts to examine the motive behind [plaintiff's] move"; (2) "its decision was based on passion and bias in favor of [defendant] and his 'family name' in Fremont"; and (3) its decision was based on passion and bias "against [plaintiff] based on outdated notions of women's career decisions."

Notably, even plaintiff's request for relief in her brief on appeal pertains solely to her motion to change the children's schools, which was resolved by the trial court's December 17, 2014 order, as she asks this Court to remand this case to a different trial court judge to *reconsider the referee's decision* and "determine anew [plaintiff's] motion to change schools."

Furthermore, plaintiff's contention that the trial court exacerbated its earlier abuse of discretion when it ordered "that the children's school enrollment shall continue in the Fremont Public Schools, and the issue is not ripe for further determination," is tenuous. We can identify only four sentences in her brief on appeal that provide the basis of her claim that the trial court's August 21, 2015 decision was in error:

> [The trial court indicated that it would hold an evidentiary hearing on the parties' dual motions for a change in custody, but] [t]he court had already made up its mind about one aspect . . . . It was not going to revisit changing the children's school even if it awarded [plaintiff] primary physical custody.
>
> So, [plaintiff] might have been granted primary physical custody, but the court was not about to allow her to ask it to revisit the motion to change schools. The court had, as it noted, spent a great deal of time reviewing transcripts and the referee's decision, and it would not let that work go for naught."

We are unable to discern, from this meager discussion, the specific reasons underlying her claim concerning the August 21, 2015 order. At most, we conclude that these statements may encompass an argument that the trial court erred in, or had no basis for, declining to reevaluate its prior determination on plaintiff's motion to change schools or declining to review the issue anew in the future, but plaintiff provides no authority for such a claim.

> It is well established that:
>
> a mere statement without authority is insufficient to bring an issue before this Court. It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position. Accordingly, we need not address [such an] issue, and [may] decline to do so. [*Wilson v Taylor*, 457 Mich 232, 243; 577 NW2d 100 (1998) (quotation marks, citation, and footnotes omitted).]

See also *Thompson v Thompson*, 261 Mich App 353, 356; 683 NW2d 250 (2004) ("It is well-settled that [a] party may not leave it to this Court to search for authority to sustain or reject its position. Argument must be supported by citation of appropriate authority. An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue.") (quotation marks and citations omitted; alteration in original), citing MCR 7.212(C)(7).

Thus, even if jurisdiction over plaintiff's appeal as of right from the August 21, 2015 order could be found, we would deem plaintiff's claim abandoned.

## III. CONCLUSION

We do not have jurisdiction over plaintiff's claim of appeal from the trial court's August 21, 2015 order. Further, even if we did have jurisdiction over this appeal, plaintiff's arguments arising from the trial court's December 17, 2014 order would be outside the scope of the appeal, and she has abandoned any claims arising from the trial court's August 21, 2015 order.

Dismissed.

/s/ Christopher M. Murray
/s/ Cynthia Diane Stephens
/s/ Michael J. Riordan