*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ASHLEY SUE CYSTER-SMITH,

      Plaintiff-Appellant,

v

GERMAN GUERRERO,

      Defendant-Appellee.

UNPUBLISHED
June 4, 2020

No. 350583
Wayne Circuit Court
LC No. 15-109590-DC

Before: LETICA, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order awarding defendant sole physical custody of their minor child, modifying her parenting time to alternate weekends, designating the child's school, terminating defendant's child support obligation, and ordering investigation and modification of the parents' child support obligations. We vacate the court's order and remand for further proceedings consistent with this opinion. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

## I. BACKGROUND

Plaintiff and defendant, the parents of a minor child, OG, never married. Over a year after OG's birth, plaintiff filed a paternity action against defendant. Thereafter, the parties agreed upon a final order of custody, parenting time and support. Under its terms, plaintiff and defendant shared joint legal and physical custody of OG. The order contained specific provisions for parenting time—over a two-week period, plaintiff had nine overnights while defendant had five. This arrangement worked smoothly for over three years. As OG approached school age, however, defendant and plaintiff disagreed over which elementary school OG should attend. Plaintiff proffered Emerson Elementary School (Emerson) in Fraser, which was closer to the home that she shared with her then-boyfriend, now fiancé, a middle-school teacher in that district. Defendant countered with Blanche Sims Elementary School (Blanche Sims) in Lake Orion, which was near the home that defendant owned and shared with his then-fiancée, now current wife.

The parties failed to reach an agreement, and, in March 2019, defendant moved to have the court designate OG's school, offering five new private school alternatives. Defendant alleged that

these schools were essentially equidistant, a claim that plaintiff disputed. As to Emerson, defendant expressed concern about plaintiff's "stability" because she had been "in several relationships with different people" and that "February was the second time in the recent past that [plaintiff] ha[d] moved in with a boyfriend." If plaintiff's current relationship ended, defendant feared that plaintiff, who worked in Plymouth, would not be readily available to attend to an emergency that OG might have during school. Additionally, defendant alleged that plaintiff would have to move, and, perhaps, change OG's school. Defendant argued that the best-interest factors, MCL 722.23, weighed in favor of his proposed schools.

Plaintiff objected to defendant's proffered schools primarily because they would require OG to spend a significant amount of time in the car driving to and from school and in a latchkey program before and after school. Plaintiff also argued that the best-interest factors favored OG attending Emerson, the school district in which her boyfriend taught.

The parties attempted to mediate their dispute, but continued to disagree. In addition to Emerson and Blanche Sims defendant proposed two public-school options, which were purportedly equidistant. Plaintiff maintained that these new choices imposed upon the quality of her parenting time by requiring long commutes and pre- and post-school latchkey services. To address defendant's concerns regarding her stability, plaintiff offered to sign an agreement to remain in the school district and modify the parenting schedule to continue the time each parent enjoyed with OG. Plaintiff also offered a fifth option.

After an evidentiary hearing, the trial court issued a written opinion and concluded that defendant had established by clear and convincing evidence that a change of physical custody from plaintiff to defendant was in OG's best interests,[1] designated Blanche Sims as OG's school, modified parenting time,[2] terminated defendant's child support payments, and referred the case to Friend of the Court for investigation to modify the child support obligations. The trial court entered a written order consistent with its opinion.

This appeal followed.

## II. DISCUSSION

Plaintiff argues the trial court erred when it treated defendant's motion to designate a school for OG as a motion for change of physical custody and granted defendant sole physical custody of OG instead of designating a school. We agree.

## A. STANDARD OF REVIEW

Under MCL 722.28, we must affirm a custody order on appeal "unless the circuit court's findings were against the great weight of the evidence, the circuit court committed a palpable abuse

---

[1] The trial court awarded defendant sole physical custody whereas the parties previously enjoyed joint physical custody.

[2] Plaintiff had parenting time on alternate weekends and holidays, and any other times agreed to by the parties.

of discretion, or the circuit court made a clear legal error on a major issue." *Pierron v Pierron*, 282 Mich App 222, 242; 765 NW2d 345 (2009) (*Pierron I*), aff'd by *Pierron v Pierron*, 486 Mich 81; 782 NW2d 480 (2010) (*Pierron II*). "The great weight of the evidence standard applies to all findings of fact; the circuit court's findings should be affirmed unless the evidence clearly preponderates in the opposite direction." *Pierron I*, 282 Mich App at 242-243. "The abuse of discretion standard applies to the circuit court's discretionary rulings." *Id*. at 243. In child custody proceedings, an abuse of discretion occurs when a circuit court's decision "is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias." *Butler v Simmons-Butler*, 308 Mich App 195, 201; 863 NW2d 677 (2014). "A ruling concerning an important decision affecting the welfare of a child is such a discretionary ruling." *Pierron I*, 282 Mich App at 243. "A circuit court commits legal error when it incorrectly chooses, interprets, or applies the law." *Id*. (quotation marks omitted).

## B. ANALYSIS

When the parties share joint legal custody of a child, they share decision-making authority regarding important decisions affecting the child's welfare. *Pierron II*, 486 Mich at 85, citing MCL 722.26a(7)(b). "A decision concerning the child's school and education is just such an important decision affecting the welfare of the child." *Pierron I*, 282 Mich App at 246. "Therefore, parents with joint custody must agree concerning where their children will attend school." *Id*. at 246-247. "However, when the parents cannot agree on an important decision, such as a change of the child's school, the court is responsible for resolving the issue in the best interests of the child." *Pierron II*, 486 Mich at 85. The trial court must hold an evidentiary hearing, termed a "*Lombardo*[3] hearing," and consider, evaluate, and determine the best-interest factors, set forth in MCL 722.23, to resolve disputes over important decisions affecting the child's welfare that arise between joint custodial parents. *Pierron I*, 282 Mich App at 247 (quotation marks omitted). However, "[u]nlike the practice required for general change of custody hearing, during *Lombardo* hearings the court must narrowly focus its consideration of each best-interest factor on the specific important decision affecting the welfare of the child that is at issue." *Id*. at 252-253 (quotation marks and alterations omitted).

Here, defendant filed a motion for designation of their minor child's school because the parties could not agree on where OG should attend elementary school. The trial court held a hearing, but instead of determining whether the best-interest factors favored defendant's school choice over plaintiff's, the trial court concluded that the factors favored defendant in the context of a change of physical custody. The trial court decided that awarding defendant sole custody was appropriate, *then* designated Blanche Sims as OG's school based on the custody determination. This was a clear legal error.

"Regardless of how the circuit court decides the change-of-school [or initial school determination] issue, it might well be required to also ultimately decide a change-of-custody issue." *Pierron I*, 282 Mich App at 262. Assuming that the trial court's designation of Blanche Sims was in OG's best interests, such a designation would most likely effectuate a de facto change of physical custody in favor of defendant because of the close proximity of Blanche Sims to

---

[3] *Lombardo v Lombardo*, 202 Mich App 151; 507 NW2d 788 (1993).

defendant's home, as well as his parents, but was a farther distance from plaintiff. "Such an effective change of custody would necessitate *an additional review* of the statutory best-interest factors of MCL 722.23 to determine whether [the proponent] could prove, by clear and convincing evidence, that the change of custody would be in the child['s] best interests." *Id.* (emphasis added). If the proponent cannot meet his or her "burden of proving that a change in physical custody" would be in the child's best interests, "the court may realistically have no alternative but to determine which parent shall have sole custody of the child[]." *Id.* at 263 (quotation marks omitted).

Although the trial court may eventually determine which parent would have sole custody of OG, *Pierron I* mandates an additional review of the best-interest factors separate from the trial court's review of those factors as it relates to the disputed issue, which here was school designation. *Id.* at 252-253, 262. That is, after a determination that the proponent has satisfied his or her burden of proving that it is in the best interests of a child to attend one school over another, it is possible for the other party to move for a change of custody. *Id.* at 263. The proponent of the change of custody would then have to demonstrate "proper cause" or a "change of circumstances" sufficient to reopen the circuit court's prior custody orders. *Id.* "Assuming that [the proponent of the change of custody] could establish proper cause or a change of circumstances, the circuit court would then be required to hold a full change-of-custody hearing and to consider the statutory best-interest factors of MCL 722.23." *Id.* at 264. "Because any change of custody sought by [the proponent] in this regard would alter the children's established custodial environment with [the other party], [the proponent] would be required to prove by clear and convincing evidence that the requested change of custody would be in the children's best interests." *Id.* There are, therefore, two layers of protection: (1) a best-interest analysis to determine the specific issue the parties disagree over—school designation; and (2) once that specific issue is resolved, one of the parties can then move for a change of custody on the basis of the resolution of the specific issue. *Id.* at 252-253, 262-264. The trial court, however, only conducted a change of custody analysis. Therefore, the trial court clearly erred by treating defendant's motion to designate a school for OG as a motion for change of custody.

Plaintiff asks for remand before a different judge, highlighting certain of the trial court's factual determinations on the best-interest factors.[4] Having carefully reviewed the record, we agree that the remand before a different judge is advisable to preserve the appearance of justice and that doing so will not entail excessive waste or duplication. *Bayati v Bayati*, 264 Mich 595, 602-603; 691 NW2d 812 (2004).

We vacate the trial court's order, and remand for further proceedings before a different judge. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Cynthia Diane Stephens
/s/ Colleen A. O'Brien

---

[4] Given our conclusion, we need not address plaintiff's challenges to the trial court's findings regarding the best-interest factors.