*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

In re E. J. SMITH, Minor.

FOR PUBLICATION
January 28, 2021
9:10 a.m.

No. 353861
Grand Traverse Circuit Court
Family Division
LC No. 19-004787-NA

Before: SWARTZLE, P.J., and BORRELLO and RONAYNE KRAUSE, JJ.

SWARTZLE, P.J.

Everyone agrees that this appeal is moot. The trial court had earlier adjudicated respondent-mother as unfit (with the goal of reunification), although it did not adjudicate the infant child's father, SMS. A dispute arose between the parents about vaccinating the child, and the trial court concluded that it could not order vaccination over the express objections of SMS, given that he was presumed to be a fit parent and the trial court did not have jurisdiction over him under *In re Sanders*, 495 Mich 394; 852 NW2d 524 (2014). Respondent-mother sought leave to appeal, and this Court granted leave on an expedited basis. But in the interim, the trial court terminated its jurisdiction over respondent-mother and the child, and now the parents—both presumptively fit—are working to resolve the dispute in a separate custody proceeding.

Accordingly, this appeal presents the Court with merely hypothetical questions, rather than an actual, justiciable controversy. Concluding that the "capable-of-repetition-but-evading-review" exception should not be invoked on this record, we dismiss the appeal as moot without reaching the merits.

## I. BACKGROUND

The facts known to this Court are brief and appear to be undisputed, though the record on appeal has gaps. Petitioner filed the initial petition on October 7, 2019, three days after the child was born. The initial petition named SMS and respondent-mother as respondents and sought both removal of the child and termination of respondent-mother's parental rights.

For reasons not entirely clear on this record, an amended petition was eventually filed that no longer named SMS as a respondent. The trial court authorized the amended petition, took

-1-

jurisdiction over the child, released the child to SMS's care, and ordered supervised parenting time for respondent-mother. The trial court ordered that efforts should be made toward reunification.

SMS's refusal to vaccinate the child was first noted, as far we can discern, in a December 12, 2019, report from the lawyer-guardian ad litem (LGAL). The trial court held a hearing following that report, though the transcript of that hearing is not in the appellate record. The trial court ordered petitioner to work with SMS to ensure that respondent-mother was kept informed of the child's medical appointments so that she could participate. The order also stated that "if needed, a motion may be filed regarding immunizations for the minor child."

In March 2020, respondent-mother sought an order to have the child vaccinated. During the subsequent hearing in May, respondent-mother asked that the vaccinations be administered under a doctor's orders in light of the COVID-19 pandemic, rather than strictly following the state's vaccination schedule. Both petitioner and the LGAL voiced their agreement, although neither filed a written response. When asked by the trial court, SMS voiced the following objection: "I have religion and disbelief of the vaccinations." (This appears to be the sum and substance of SMS's position on the matter.) The trial court denied the motion, stating that while it did "not disagree with the majority of people that I think vaccines are in the best interests of this child," it did not believe that it had the authority to order vaccination over the objections of an unadjudicated parent.

In June, respondent-mother sought leave to appeal, and this Court granted leave on an expedited basis. *In re E J Smith*, unpublished order of the Court of Appeals, entered Aug. 20, 2020 (Docket No. 353861). Respondent-mother subsequently moved this Court for an extension of time (which was granted). While the appeal advanced, the trial court concluded that respondent-mother had progressed to the point where there was "not an identified risk of harm to the minor child in her care." The trial court terminated its jurisdiction over the child in October and encouraged the parents to pursue a custody agreement or order. The parents are now parties to a separate custody proceeding involving the child.

## II. ANALYSIS

Given that the dispute over whether the child should be vaccinated has moved to a separate proceeding, this Court must determine what to do with the current appeal. "The courts of this state may only exercise the authority granted to them by Article VI of the 1963 Constitution. An essential element of that authority is that courts will not reach moot issues." *In re Smith*, 324 Mich App 28, 41; 919 NW2d 427 (2018) (cleaned up). An issue is moot when there is not a real controversy, but merely a hypothetical one. *Id.* As our Supreme Court recently elaborated, a case becomes moot when there is either a "pretended controversy," a potential controversy sometime in the future, or a judgment sought "which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." *League of Women Voters of Mich v Sec'y of State*, __ Mich __, __; __ NW2d __ (2020) (Docket No. 160907); slip op at 11 (cleaned up).

During oral argument, counsel for respondent-mother conceded that this appeal is moot, and we agree. The claim on appeal was predicated on respondent-mother being adjudicated as unfit and SMS being unadjudicated and therefore presumptively fit. When both parents are adjudicated as unfit, then the question of who has authority to make vaccination decisions

-2-

involving the child has already been answered by this Court in *In re Deng*, 314 Mich App 615; 887 NW2d 445 (2016). Alternatively, when neither parent is adjudicated and the parents share legal custody, the trial court can resolve a dispute between the parents involving vaccination using the best-interest factors in MCL 722.23. *Pierron v Pierron*, 486 Mich 81, 91; 782 NW2d 480 (2010); *Lombardo v Lombardo*, 202 Mich App 151, 160; 507 NW2d 788 (1993). In fact, as now-presumptively fit parents, respondent-mother and SMS have chosen this latter route, as explained in the preceding section. Accordingly, there is no claim left for this Court to address in this appeal, and any decision on the now-hypothetical questions posed by this Court in the August 20, 2020 order "would only serve to instruct" future litigants "as to the law in this area." *League of Women Voters of Mich*, slip op at 14.

"There is, however, a well-recognized exception to the dismissal of a moot case." *In re Detmer/Beaudry*, 321 Mich App 49, 56; 910 NW2d 318 (2017). "When a case presents an issue of public significance, and disputes involving the issue are likely to recur, yet evade judicial review, courts have held that it is appropriate to reach the merits of the issue even when the case is otherwise moot." *Id.* We do not doubt the public significance of childhood vaccines or religious objections to them, nor do we doubt the legal import of answering the questions listed in this Court's August 20, 2020 order. Although there is nothing in this record to suggest that the precise dispute is likely to recur *in this case*—and, in addressing the "likely to recur" condition in *League of Women Voters of Mich*, our Supreme Court focused solely on whether the issue was likely to recur in the context of that case and with that initiative proponent, see *League of Women Voters of Mich*, slip op at 14 n 26—it seems reasonable to assume that the issue will recur in future cases with different parties.[1] Important questions, likely to recur, albeit with different parties.

But as to the third condition, this case does not present a legal question that is likely to evade judicial review. The dispute in this appeal has evaded our review because respondent-mother made sufficient progress in a relatively short period of time, and the trial court released her and her child from its jurisdiction. Unfortunately, it is not uncommon for an adjudicated parent to spend considerably longer time under the trial court's jurisdiction. In those unfortunate cases, the dispute will not be moot by the time this Court is able to resolve it on an expedited basis.

And even assuming for the sake of argument that the third condition was satisfied, this appeal is a particularly poor vehicle for giving guidance to future litigants. Simply put, this appeal has not been an adversarial contest among competing interests. Neither SMS, petitioner, nor the LGAL has filed an appearance, let alone submitted a brief or participated in oral argument. What we have before us is respondent-mother's side of the story, as well as whatever this Court has been able to glean from the partial record before us and our own legal research. Our judicial system is grounded on competing factual and legal arguments presented by adverse parties. As our Supreme Court recently emphasized,

---

[1] We agree with our dissenting colleague that there is no clear pronouncement by the majority in *League of Women Voters* to craft a new, drastically narrower exception to the traditional mootness doctrine, and no such new rule has been applied here. We simply point out what our Supreme Court did in that case.

We agree that, when it is appropriate, this Court has an obligation to say what the law is.  But we cannot let this desire for stability overcome the limits of our role.  The judiciary cannot simply scan the horizon for important legal issues to opine on—we address such issues only as they arise in the genuine controversies between adverse parties that come before us.  Because such a case is not before us, we are constrained from reaching the underlying merits.  [*Id.* at 29 n 60 (cleaned up).]

We are similarly constrained from reaching the underlying merits in the present appeal.  Accordingly, we dismiss the appeal as moot.


/s/ Brock A. Swartzle
/s/ Stephen L. Borrello