WOLFE-HADDAD ESTATE v OAKLAND COUNTY

Docket No. 260478. Submitted September 6, 2006, at Detroit. Decided September 28, 2006, at 9:00 a.m.

The estate of Sandra Wolfe-Haddad, deceased, brought an action in the Oakland Circuit Court against Oakland County and the Oakland County Probate Court, challenging the collection of probate fees under MCL 600.871. The plaintiff contended that MCL 600.871(1) requires the value of an estate's asset to be reduced by the amount of any debt the asset secures before the fee is assessed. The court, Fred M. Mester, J., granted the defendants summary disposition. The plaintiff appealed.

The Court of Appeals *held*:

The trial court properly granted summary disposition in the defendants' favor. Whenever a decedent's estate is probated, MCL 600.871(1) requires the probate court to collect a fee for the expense of administering the estate. The fee is assessed "on the value of all assets" as of the date of the decedent's death. The common understanding of the term "value" is monetary value, that is, fair market value, the amount of money that a ready, willing, and able buyer would pay for the asset on the open market. The statute does not define the term "value" to exclude security interests in the assets and does not otherwise provide for deductions based on security interests held in the estate's assets. While recently amended MCR 5.307(A) now allows deductions for secured loans on property listed in the inventory of the estate, that court rule must yield to the statute to the extent it permits deductions not permitted by the statute because the court rule contravenes a clear legislative declaration of public policy that does not involve court administration.

Affirmed.

COURTS — PROBATE COURTS — PROBATE FEES — DECEDENTS' ESTATES.

The probate court, when a decedent's estate is probated, must collect a fee for the expense of administering the estate; the fee is assessed on the full fair market value of all assets as of the date of the decedent's death without deductions for security interests in the assets (MCL 600.871[1]).

*Allan Falk, P.C.* (by *Allan Falk*), and *Harvey Chayet* for the plaintiff.

*Keith J. Lerminiaux,* Deputy Corporation Counsel, for the defendants.

Before: MURRAY, P.J., and SMOLENSKI and SERVITTO, JJ.

SMOLENSKI, J. In this action challenging defendants' collection of probate fees under MCL 600.871, plaintiff appeals as of right the trial court's grant of summary disposition in favor of defendants. We affirm.

This Court reviews de novo the trial court's decision to grant summary disposition. *Hamade v Sunoco, Inc (R&M),* 271 Mich App 145, 153; 721 NW2d 233 (2006). Likewise, statutory interpretation is an issue of law that is reviewed de novo.[1] *Shinholster v Annapolis Hosp,* 471 Mich 540, 548; 685 NW2d 275 (2004). This Court's primary task in construing a statute is to "discern and give effect to the intent of the Legislature." *Sun Valley Foods Co v Ward,* 460 Mich 230, 236; 596 NW2d 119 (1999). "This task begins by examining the language of the statute itself." *Id.* If the language of the statute is not ambiguous, this Court will not construe it, but will enforce it as written. *Macomb Co Prosecutor v Murphy,* 464 Mich 149, 158; 627 NW2d 247 (2001). Further, "a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature

---

[1] We disagree with defendants' contention that the Oakland County Probate Court's interpretation of this statute is entitled to any particular deference. In support of this contention, defendants rely on cases that reiterate that courts will give "great deference to the construction placed upon a statute by the agency legislatively chosen to enforce it." *Breuhan v Plymouth-Canton Community Schools,* 425 Mich 278, 282-283; 389 NW2d 85 (1986). However, probate courts are courts of record and not administrative agencies. MCL 600.801.

as derived from the words of the statute itself." *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002).

The only issue on appeal is whether the probate fee mandated by MCL 600.871(1) is properly assessed against the full value of all assets of the estate without regard to any security interests held in the assets. Plaintiff contends that, under a plain reading of MCL 600.871(1), the value of an asset must be reduced by the amount of any debt that the asset secures. We do not agree.

Under MCL 600.871(1), whenever a decedent's estate is probated, the probate court is required to collect a fee for the expense of administering the estate, which fee is assessed "on the value of all assets" as of the date of the decedent's death. Because the fee is based on the "value" of all assets held by the estate, resolution of this issue depends on the meaning of the term "value" as used in the statute. In construing statutory language, it has long been the rule in this state that courts will normally give the words used in a statute their plain and ordinary meaning. *Green v Graves*, 1 Doug 351, 354 (Mich, 1844); *Koontz v Ameritech Services, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). Because the word "value" has not acquired a technical meaning in the law and has not been defined by the statute, it must be assumed that the Legislature intended it to have its plain and ordinary meaning. MCL 8.3a.

The common understanding of the word "value," as used in the phrase "the value of all assets," refers to monetary value, i.e., the amount of money that a ready, willing, and able buyer would pay for the asset on the open market, which is essentially synonymous with "fair market value." See *Detroit/Wayne Co Stadium Auth v Drinkwater, Taylor & Merrill, Inc*, 267 Mich App

625, 633; 705 NW2d 549 (2005) (defining "fair market value"). Although this understanding of the ordinary meaning of the word is so obvious as to defy the need to resort to dictionaries, it is also fully supported by dictionary definitions.[2] *Random House Webster's College Dictionary* (1997) defines "value" as "monetary or material worth, as in commerce," "the worth of something in terms of some medium of exchange," "equivalent worth in money, material, or services," and "estimated or assigned worth." Hence, the ordinary sense of the word "value" refers to the fair market value of the property rather than the fair market value minus the amount of any security interests held by creditors.[3]

Nevertheless, plaintiff contends that the "value" of an asset to the estate must be ascertained by determining the worth of the asset to the beneficiaries of the estate. Plaintiff explains that an asset whose fair market value is $100,000 would have a value of $25,000 relative to the beneficiaries of the estate if the asset is subject to a mortgage for $75,000. However, plaintiff fails to explain why this assessment of value—as determined by reference to one of many potentially interested parties—should control the valuation of an asset

---

[2] This Court may consult dictionary definitions to ascertain the ordinary meaning of a term not defined in a statute. *People v Perkins*, 473 Mich 626, 639; 703 NW2d 448 (2005).

[3] We reject plaintiff's contention that the references to "an estate of value" in MCL 600.871(1)(a) through (g) somehow alter the meaning of the word "value" as used in MCL 600.871(1). The plain language of these subsections indicates that the fee is to be determined by reference to the value of the estate as determined under MCL 600.871(1). MCL 600.871(1) states that the probate court shall collect a fee based "on the value of all assets, as of the date of death of the decedent . . . ." Hence, the value of an estate is determined by totaling the value of all assets held by the estate. This total value is then applied using MCL 600.871(1)(a) through (i) to determine the applicable fee.

for purposes of calculating the probate fee.[4] It would be just as logical to value the asset on the basis of its relative worth to the creditor who holds the security interest in the asset. Furthermore, plaintiff's assumption that an asset has no value to an estate or its beneficiaries to the extent that it secures a debt is invalid. Even an asset that secures a debt that exceeds the asset's fair market value will benefit an estate. This is because the money raised by the sale of the asset will retire a portion of the debt that would otherwise be unsecured.[5] This leaves a correspondingly greater portion of the remaining assets available to pay other creditors or to pass to the beneficiaries of the estate. Thus, assets that secure debts benefit the estate to the full extent of their fair market value.[6]

This ordinary understanding of the term "value" is also, contrary to plaintiff's contention, consistent with the purpose of the statute. In *Foreman v Oakland Co Treasurer*, 57 Mich App 231, 239; 226 NW2d 67 (1974), the Court held that MCL 701.17[7] did not levy a tax, but

[4] It is irrelevant to a determination of the costs of administering an estate that the assets will largely or even wholly be distributed to creditors. The probate court must still ensure that the estate is properly administered on behalf of all interested persons.

[5] Generally, the personal representative of an estate must pay all unsecured claims before distributing assets to the beneficiaries of the estate. See MCL 700.3805; MCL 700.3807; MCL 700.3815.

[6] We further disagree with plaintiff's contention that the requirement that the personal representative prepare an inventory that lists both the fair market value of all assets and the type and amount of any encumbrance that may exist with reference to each listed item, see MCL 700.3706(1), indicates that "value" means fair market value minus encumbrances. The function of the inventory list is to summarize all the information about the assets of an estate. This requirement is not inconsistent with the assessment of the probate fee based on the total value of all assets without regard to any security interests held in the assets.

[7] Former MCL 701.17 was the predecessor of MCL 600.871(1).

assessed a fee for probate services. In coming to this conclusion, the Court noted that the "services required from a court in probate proceedings are, in the main, in proportion to the appraised value of the estate; that the more valuable the estate, the greater the time required of the court in the probate thereof, and consequently the respective higher statutory fee scheduled." *Id.* Thus, the purpose of the statute is to assess a fee that approximately corresponds to the amount of work that the probate court will have to perform to administer the estate.

Plaintiff's definition of "value" reduces the fair market value of the estate's assets, which accordingly reduces the amount of the fee assessed, even though the assets whose values are reduced must still be administered by the probate court. Hence, plaintiff's interpretation reduces the probate fee without a corresponding reduction in the probate court's workload. This result can best be illustrated by an example. Suppose that there are two estates and that each has one asset worth $500,000 and creditors whose claims far exceed the value of the asset. Assume also that the first estate has one creditor who holds a security interest in the asset for the amount of $475,000, but the creditors of the second estate are all unsecured. Under plaintiff's interpretation of MCL 600.871(1), the "value of all assets" of the first estate would be $25,000 and the "value of all assets" of the second estate would be $500,000. Hence, the second estate would pay a substantially higher probate fee based on the sole—and somewhat arbitrary —difference that the only asset of the first estate was used to secure a debt of $475,000.[8] This is despite the

---

[8] We note that, because the assets of both hypothetical estates are insufficient to pay the estates' creditors, relative to the decedent's devisees and legatees, the estates essentially have no value. Nevertheless,

fact that the estates will likely require the same amount of work and expense on the part of the probate court. This anomalous result does not occur when the term "value" is given its ordinary meaning. In that case, the "value of all assets" is the same for both estates (i.e., $500,000), and both estates will pay the same probate fee. Thus, plaintiff's understanding of the term "value" is not only contradicted by the plain and ordinary sense of the word, but also is inconsistent with the purpose of the statute.

Finally, we note that MCR 5.307(A) was recently amended to state, in relevant part, that "[i]n calculating the inventory fee, deductions shall be allowed for secured loans on property listed on the inventory, but no other deductions shall be allowed." See 474 Mich lxxv. As a result, MCR 5.307(A) now *requires* probate courts to permit a deduction contrary to the statutory command that the probate courts "charge and collect" a fee "on the value of all assets . . . ." However, our Supreme Court has stated that " '[i]f a particular court rule contravenes a legislatively declared principle of public policy, having as its basis something other than court administration . . . the [court] rule should yield.' " *McDougall v Schanz*, 461 Mich 15, 30-31; 597 NW2d 148 (1999), quoting Joiner & Miller, *Rules of practice and procedure: A study of judicial rule making*, 55 Mich L R 623, 635 (1957). With MCL 600.871(1) the Legislature unambiguously stated that probate courts must collect a fee based "on the value of all assets" in an estate. This represents a clear policy choice on the part of our Legislature and does not involve court administration. Therefore, to the extent that MCR 5.307(A) permits

even under plaintiff's understanding of the meaning of the word "value," the first estate would have a value of $25,000. This further illustrates the difficulty with assigning a value based on the relative worth of an asset to a particular interested party rather than the objective fair market value.

deductions not permitted by the statute, the court rule must yield. *McDougall, supra* at 31.

MCL 600.871(1) requires probate courts to collect a fee based on the total value of all assets held by an estate that is subject to probate. The statute does not define the term "value" to exclude security interests in the assets and does not otherwise provide for deductions based on security interests held in the estate's assets. Because this statute is not ambiguous, it must be enforced as written, *Macomb Co Prosecutor, supra* at 158, and without reading into the statute deductions that are not "within the manifest intent of the Legislature as derived from the words of the statute itself." *Roberts, supra* at 63. Therefore, plaintiff's claim based on a contrary reading of MCL 600.871(1) must fail as a matter of law. The trial court properly granted summary disposition in defendants' favor.

Affirmed.