*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHEYENNE MARIE GROBASKI,

        Plaintiff-Appellee,

v

MAX DAVID MCPHERSON,

        Defendant-Appellant.

UNPUBLISHED
February 24, 2022

No. 358336
Marquette Circuit Court
Family Division
LC No. 17-055628-DP

Before: CAVANAGH, P.J., and JANSEN and RIORDAN, JJ.

PER CURIAM.

Defendant, Max David McPherson, appeals as of right the trial court order denying his motion regarding custody and granting the motion of plaintiff, Cheyenne Marie Grobaski, concerning the choice of school for the parties' daughter, SG. We affirm the court's order denying defendant's motion, vacate the court's order granting plaintiff's motion, and remand this case for an evidentiary hearing.

## I. BACKGROUND

The parties share joint legal custody of SG, and plaintiff is SG's primary physical custodian. Plaintiff resided in Gwinn County while defendant resided in Ishpeming. Under the custody order governing at the time of the relevant proceedings, defendant had parenting time every other weekend. The matter before this Court was initiated when defendant filed a motion for change of custody in which he alleged that plaintiff was not properly caring for SG, that plaintiff was allowing others to actually care for SG, and that SG, who was about to attain school age, should attend school in Ishpeming. Plaintiff then filed a motion in which she requested that the court determine where SG would attend school and argued that she should attend Gwinn schools which are near plaintiff's home. A referee recommended that plaintiff's motion be granted and that defendant's motion be denied. Following a de novo hearing, the court affirmed the referee's decision. This appeal followed.

-1-

## II. STANDARDS OF REVIEW

MCL 722.28 provides that when reviewing a lower court order in a child custody dispute, "all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue." This statute "distinguishes among three types of findings and assigns standards of review to each." *Dailey v Kloenhamer*, 291 Mich App 660, 664; 811 NW2d 501 (2011) (quotation marks and citation omitted). Factual findings "are reviewed under the 'great weight of the evidence' standard." *Id*. "A finding of fact is against the great weight of the evidence if the evidence clearly preponderates in the opposite direction." *Pennington v Pennington*, 329 Mich App 562, 570; 944 NW2d 131 (2019). "Questions of law are reviewed for clear legal error. A trial court commits clear legal error when it incorrectly chooses, interprets, or applies the law." *Id*. (quotation marks and citation omitted). "Discretionary rulings, such as to whom custody is awarded, are reviewed for an abuse of discretion. An abuse of discretion exists when the trial court's decision is palpably and grossly violative of fact and logic." *Dailey*, 291 Mich App at 664-665 (quotation marks, citations, and alteration omitted).

## III. DEFENDANT'S MOTION

Defendant argues that the trial court erred by denying his motion for change of custody without conducting an evidentiary hearing concerning whether he could establish proper cause or a change of circumstances. We disagree.

In a child custody dispute, a custody order may only be modified "for proper cause shown or because of change of circumstances . . . ." MCL 722.27(1)(c). To establish proper cause, "a movant must prove by a preponderance of the evidence the existence of an appropriate ground for legal action to be taken by the trial court." *Vodvarka v Grasmeyer*, 259 Mich App 499, 512; 675 NW2d 847 (2003). This ground "should be relevant to at least one of the twelve statutory best interest factors, and must be of such magnitude to have a significant effect on the child's well-being." *Id*. To establish a change of circumstances, "a movant must prove that, since the entry of the last custody order, the conditions surrounding custody of the child, which have or could have a *significant* effect on the child's well-being, have materially changed." *Id*. at 513. A showing of "normal life changes" that occur during the life of a child is insufficient. *Id*. at 513-514.

Defendant argues that he was entitled to an evidentiary hearing to determine whether this showing could be made. "Although the threshold consideration of whether there was proper cause or a change of circumstances might be fact-intensive, the court need not necessarily conduct an evidentiary hearing on the topic." *Corporan v Henton*, 282 Mich App 599, 605; 766 NW2d 903 (2009). "Often times, the facts alleged to constitute proper cause or a change of circumstances will be undisputed, or the court can accept as true the facts allegedly comprising proper cause or a change of circumstances, and then decide if they are legally sufficient to satisfy the standard." *Vodvarka*, 259 Mich App at 512. In this case, to the extent there were factual disputes, the court accepted defendant's allegations as true and determined that they were not legally sufficient to satisfy the standard. Specifically, the court concluded that defendant's allegations that plaintiff was not properly grooming SG and that she was having unexplained diaper rashes, if true, did not rise to the level of proper cause or change of circumstances. Defendant also argued that SG's attainment of school age was a change of circumstances; however, the fact that a child has grown

old enough to attend school is a normal life change. See *Gerstenschlager v Gerstenschlager*, 292 Mich App 654, 657-658; 808 NW2d 811 (2011). Therefore, the trial court properly exercised its discretion, *Vodvarka*, 259 Mich App at 512, when it determined that no evidentiary hearing was required under the circumstances of this case.

## IV. PLAINTIFF'S MOTION

Defendant argues that the court erred by granting plaintiff's motion without conducting an evidentiary hearing. We agree.

Parents who have joint legal custody "share the decision-making authority with respect to the important decisions affecting the welfare of the child, and where the parents as joint custodians cannot agree on important matters such as education, it is the court's duty to determine the issue in the best interests of the child." *Lombardo v Lombardo*, 202 Mich App 151, 159; 507 NW2d 788 (1993); see also *Bowers v VanderMeulen-Bowers*, 278 Mich App 287, 296-297; 750 NW2d 597 (2008). "The court must do so by holding an evidentiary hearing and considering the relevant best-interest factors contained in MCL 722.23." *Pierron v Pierron*, 282 Mich App 222, 247; 765 NW2d 345 (2009). In this case, the parties could not agree on an important decision affecting the welfare of SG: her education. Therefore, it was "the court's duty to determine the issue in the best interests of the child." *Lombardo*, 202 Mich App at 159. The court was required to consider this issue by holding an evidentiary hearing. *Pierron*, 282 Mich App at 247. Even if it is not designated as such, a de novo hearing can satisfy the requirement that a court hold a *Lombardo* hearing to determine issues such as these. *Marik v Marik*, 325 Mich App 353, 363; 925 NW2d 885 (2018). However, in order to satisfy this requirement, the trial court must conduct a full evidentiary hearing. *Id*. at 363-364. In this case, the court did not conduct a full evidentiary hearing; rather, the court simply heard arguments from the parties and their attorneys and also asked a few follow-up questions to the parties, who were not under oath. The court did perform the required analysis of the best-interest factors, but the caselaw is clear that this analysis need be informed by an evidentiary hearing. Because the court did not hold an evidentiary hearing, we vacate its decision.

## V. BIFURCATION OF PHYSICAL AND LEGAL CUSTODY

Defendant argues that the trial court improperly bifurcated the issues of physical and legal custody. We disagree.[1]

Defendant argues that the "lower court's process in treating the change of custody motion and the school-choice motion differently is a clear error of law." However, as already discussed, the trial court was presented with distinct issues governed by distinct legal standards. The trial court first considered whether defendant alleged facts adequate to establish proper cause or change of circumstances, and it concluded that he had not. The court specifically considered defendant's argument that the fact that SG was old enough to begin school constituted a change of circumstances when discussing this issue and determined that this was a normal life change. The court next considered plaintiff's motion to determine school. The court then properly considered

---

[1] Because this issue is unpreserved, we review for plain error affecting substantial rights. See *Marik*, 325 Mich App at 359.

the best-interest factors in relation to the issue of school choice. However, the error made by the court was determining the second issue without first holding an evidentiary hearing.

## VI. CONCLUSION

We affirm the order denying defendant's motion for change of custody and vacate the order granting plaintiff's motion regarding where the child would attend school. This case is remanded for an evidentiary hearing to determine which choice of schools is in the best interests of SG. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan