*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MERRICK L HOPKINS,

        Defendant-Appellant.

UNPUBLISHED
June 02, 2026
1:52 PM

No. 371438
Oakland Circuit Court
LC No. 2023-283281-FC

Before: PATEL, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

Defendant was charged and convicted of assault with intent to do great bodily harm after an altercation with the victim, defendant's adult daughter. On appeal, defendant argues that the trial court erred in his sentencing. We affirm.

## I. BACKGROUND

The victim lived with her boyfriend and their two children. Defendant and his wife arrived at the victim's house unannounced to visit their grandchildren. The victim's boyfriend did not allow defendant and his wife to enter the home and instead told them to leave, in part because the victim alleged that her father had previously abused her. The boyfriend called the victim and told her to stay away from the home because her parents were present. The victim called 911 to escort defendant and his wife off of the property and proceeded to drive to her house because her children were there.

Once the victim arrived at her home, several altercations occurred. Defendant's wife and the victim started fighting in the street after the wife grabbed the victim by her sweater; during the fight, the wife's arm wrapped around the victim's neck. While the victim and defendant's wife were fighting, the victim's boyfriend fought with defendant after defendant allegedly pushed the boyfriend. Eventually, several gun shots occurred. The victim, her boyfriend, and their neighbor testified that the gunshots came from defendant. Defendant claimed that his wife had the gun in her hand.

After allegedly shooting the gun, defendant hit the victim in the face, resulting in broken fragments and swelling. The victim and a neighbor testified that the victim fell to the ground in a fetal position, where defendant and his wife proceeded to kick the victim in the torso and legs. Defendant and his wife eventually fled the scene, later being found during a traffic stop with a handgun in the wife's purse.

Defendant was charged with assault with intent to cause great bodily harm, MCL 750.84(1)(a); assault with intent to murder, MCL 750.83; and firearm possession by a person convicted of a felony, MCL 750.224f. The jury convicted defendant of assault with intent to cause great bodily harm but acquitted him of the other two charges.

At sentencing, defendant's initial sentencing guidelines range was 5 to 46 months based on defendant's prior criminal history. The prosecutor requested a departure sentence of 12 to 30 years based on defendant's parental relationship with the victim and his alleged lack of remorse. The prosecutor also argued that 10 points should be assigned to offense variable (OV) 4 because the victim suffered serious psychological harm. The victim provided testimony at the sentencing hearing detailing the effects of the assault, including nightmares, depression, mania, anxiety, and strains on her relationships with her brother and sister. Defendant stated at sentencing that he "never even had a domestic or any type of assault case" with his children, wife or anybody else and that the victim had "some type of mental issue going on."

The trial court scored OV 4 at 10 points because it found that an attack by the victim's own mother and father at the victim's home was worse in terms of psychological impact than an attack by a stranger and found that the victim had described trauma that should be treated. With the increased sentencing guidelines range of 10 to 46 months, the trial court departed from the range and sentenced defendant to 5 to 15 years' imprisonment. When imposing the sentence, the trial court considered defendant's extensive criminal history and "less than truthful" trial testimony, as well as the victim's loss in familial relationship and the harm caused by the altercations occurring at the victim's own home with her minor children nearby. Defendant now appeals.

II. ANALYSIS

A. OV 4

Defendant argues on appeal that the trial court erroneously assigned 10 points to OV 4 without evidence that the victim suffered serious psychological injury. The issue is unpreserved because defendant did not object to the scoring of OV 4 at sentencing, did not move for resentencing, and did not move to remand in this Court. See *People v Anderson*, 322 Mich App 622, 634; 912 NW2d 607 (2018). We review for plain error unpreserved challenges to the scoring of offense variables. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). For plain error review, (1) an error must have occurred, (2) that was plain, clear, or obvious, and (3) affected substantial rights such as affecting the outcome in the trial court. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

OV 4 is assigned 10 points if the victim suffered from a serious psychological injury requiring professional treatment. MCL 777.34(1)(a). A psychological injury can include "personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v*

*Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). Although a trial court cannot assume the typical person would suffer psychological injury as a result of defendant's crime, *People v Lampe*, 327 Mich App 104, 114; 933 NW2d 314 (2019), evidence that the victim did not receive treatment is not conclusive and OV 4 can be scored at 10 points if the injury may require professional treatment, MCL 777.34(2).

Defendant argues that the trial court relied on speculation about the effect of defendant's assault on the victim. The trial court did not base its decision on speculation but rather relied on the victim's testimony about the assault and the effects of it when finding that she suffered serious psychological injury. During trial, the victim, her boyfriend, and their neighbors testified about their experiences and observations, including the victim being kicked on the ground while curled up in the fetal position. At the sentencing hearing, the victim testified about her nightmares, depression, and anxiety as a result of defendant's assault. The trial court did not assume that the victim suffered based on defendant's conduct but instead found that the victim suffered serious psychological injury based on the victim's testimony about the effects of that conduct on her, which were supported by descriptions of the assault, as well as the fact that it was her father who inflicted the injuries. The evidence of the victim's significant mental health issues as a result of defendant's assault was sufficient to assign 10 points to OV 4 and therefore, the trial court did not err.

## B. SENTENCE PROPORTIONALITY

Defendant also argues that this Court should vacate his sentence because it was not proportionate to the circumstances of the offense. We review for an abuse of discretion whether a trial court imposed a reasonable sentence that departs from the applicable guidelines range. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). To facilitate our review of the proportionality of defendant's sentence, the trial court must justify the sentence imposed, *Lockridge*, 498 Mich at 392, which includes explaining why the sentence imposed is more proportionate than a different sentence, *Lampe*, 327 Mich App at 126.

The trial court imposed a departure sentence; defendant's five-year minimum sentence exceeded the upper limit of his sentencing guidelines range of 46 months. See *People v Wilcox*, 486 Mich 60, 62-63; 781 NW2d 784 (2010). A departure sentence is reasonable when it is proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Steanhouse*, 500 Mich at 474. The trial court may consider how accurately the guidelines reflect the seriousness of the crime, as well as other factors that are not given adequate weight or not considered by the guidelines, including "the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation." *Lampe*, 327 Mich App at 126.

Defendant argues that the trial court erroneously considered already accounted for or impermissible factors when sentencing defendant. Although defendant's extensive criminal history is accounted for in the guidelines, defendant's untruthful testimony and lack of remorse bear on his potential for rehabilitation, a relevant factor not accounted for by the guidelines. *Lampe*, 327 Mich App at 126.

Defendant also argues that the trial court, by considering defendant's untruthful testimony, was sentencing defendant based on acquitted conduct. Defendant was acquitted of assault with intent to murder and felony firearm, but the jury found defendant guilty of assault with intent to do great bodily harm. The trial court found that defendant was "not owning" that he kicked and punched the victim and was "still taking the position that everybody else [was] lying," including the victim. A fair reading of the sentencing transcript confirms that the trial court was referring to defendant's conduct and lying related to his conviction, not to the acquitted charges.

As for defendant's lack of remorse, the trial court can properly consider such a factor. *Lampe*, 327 Mich App at 126. Based on defendant's claims that he was simply attempting to defend his wife and that the victim's account of the assault was a result of a "mental issue," the trial court did not err in considering this lack of remorse when imposing the departure sentence. In addition, the guidelines failed to account fully for the harm that the assault caused to the victim and her relationships, including the victim's connections to her father, mother, and siblings.

The trial court adequately justified its 14-month departure sentence. The factors cited by the trial court—the seriousness of and full harm from defendant's assault, his lack of remorse, and his untruthful testimony, were sufficient in this case to justify defendant's particular departure sentence and to permit due appellate review of it. See e.g., *People v Walden*, 317 Mich App 344, 355; 901 NW2d 142 (2017). Defendant's departure sentence was proportionate to defendant and the circumstances of his offense, and the trial court did not abuse its discretion in imposing it. *Steanhouse*, 500 Mich at 471.

### III. CONCLUSION

The trial court did not err in sentencing defendant when it properly scored OV 4 and imposed a departure sentence that was proportionate to the offender and offense based on the evidence presented.

Affirmed.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Philip P. Mariani